TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264

JAMES R. SWEETIN
Assistant United States Attorney
Nevada Bar No. 5144
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
James.Sweetin@usdoj.gov

*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Ryan Leo Soehalim, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No. 2:26-cv-01092-GMN-MDC<br><br>**Stipulation and Order for Extension of Time for the United States of America to Respond to Plaintiff's Complaint (ECF No. 1)**<br><br>**SECOND REQUEST** |

Plaintiffs Ryan Soehalim, Ronald Gray, and Renato Mangalino, and Federal Defendant United States of America, through their respective undersigned counsel, hereby stipulate and jointly request that the court retroactively extend the due date for the United States' response to the Complaint from September 28, 2026, to **November 12, 2026**. This extension is necessary because the parties are engaged in substantive settlement discussions which may obviate the need for the United States to file an answer to Plaintiffs' claims.

This is the second request for an extension of time for the United States to respond to Plaintiff's complaint. This request for an extension is sought in good faith and not for purposes of undue delay.

Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." The Ninth Circuit applies the following four-factor equitable test to determine

whether a party's failure to meet a deadline constitutes "excusable neglect:" (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). This inquiry is equitable and requires consideration of all relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Even where the reason for delay is imperfect, excusable neglect may be found when the delay is minimal, non-prejudicial, and not undertaken in bad faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000).

Undersigned counsel for Plaintiff and the United States conferred regarding this case and the timing for a response, and Plaintiff has agreed to extend the deadline for the United States to respond to the complaint to November 12, 2026. The reason for the late request by the United States is a calendaring oversight that occurred under the impression that the parties were going to reach a settlement without needing to request further extension. The parties submit that such extension is not prejudicial, requested in good faith, and minimally impactful to the proceedings.

/ / /

Accordingly, the parties agree to and request that the Court grant an extension of the due date for the United States to respond, up to and including **November 12, 2026**.

Respectfully submitted this 19th day of October 2026.

ER INJURY ATTORNEYS

*/s/ Justin G. Randall*
JUSTIN G. RANDALL
81700 S. Pavilion Center Drive, Ste. 530
Las Vegas, NV 89135
*Attorney for Plaintiff*

SIGAL CHATTAH
First Assistant United States Attorney

*/s/ James Sweetin*
JAMES SWEETIN
Assistant United States Attorney

*Attorneys for the United States*

**IT IS SO ORDERED:**

**U.S. DISTRICT / MAGISTRATE JUDGE**

**DATED:** 10-26-26